## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Lance Wickner,

      Plaintiff,

v.

Kathy Burton; John Doe; and
The Department of Corrections,

      Defendants.

Case No. 17-cv-1186 (DWF/DTS)

**REPORT AND RECOMMENDATION**

This matter has remained in preservice Limbo for over two years.  Shortly after filing his complaint, plaintiff Lance Wickner was granted *in forma pauperis* ("IFP") status by the Court.  Because Wickner is proceeding as an IFP litigant, he is entitled to service of process being affected by officers of the Court.  *See* 28 U.S.C. § 1915(d).  In order for the Court to effect process, however, Wickner must provide information as to where the summons and complaint may be directed.  Upon granting IFP status to Wickner, the Court directed Wickner to provide such information.  *See* ECF No. 4.  Over two months passed, however, without Wickner providing information as to where the lone named, identifiable defendant to this matter (Kathy Burton) could be served.

A stay of this matter was then imposed for well over a year.  *See* ECF No. 8.  Upon lifting of the stay, Wickner was again directed to effect service of process or to provide information by which officers of the Court could effect service of process.  *See* ECF Nos. 10 & 11.  Again, though, no service information was forthcoming from Wickner.

Despite all this, Wickner was given one final opportunity to submit the required service information (or to effect service of process himself) by no later than August 1,

1

2019, failing which it would be recommended that this matter be dismissed without prejudice for failure to prosecute.  *See* ECF No. 13.  That deadline has now passed, and Wickner still has not provided the required information.  In fact, Wickner has not communicated with the Court about this case at all since commencing this action in April 2017.  Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice under Rule 41(b) for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order.").

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED that this action be DISMISSED WITHOUT PREJUDICE under Fed. R. Civ. P. 41(b) for failure to prosecute.

Dated: August 14, 2019                              s/David T. Schultz
                                                    DAVID T. SCHULTZ
                                                    United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).